Law Library

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| ASSOCIATION OF APARTMENT OWNERS OF DEL MAR CONDOMINIUM, | ) ) ) ) | CIVIL CASE NO. CV0208-10 |
| Plaintiff, | ) ) ) | FINDINGS OF FACT AND CONCLUSIONS OF LAW |
| vs. | ) ) ) | |
| MICHAEL S. HAUGE, | ) ) | |
| Defendant. | ) ) ) ) | |

This matter came before the HONORABLE VERNON P. PEREZ on August 10, 2012 at Bench Trial. Attorney Mark S. Beggs represented Plaintiff. Defendant Michael S. Hauge appeared *pro se*. Considering the Parties' pleadings, arguments and the record, the Court now issues the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. Any finding of fact is also a conclusion of law. Any conclusion of law is also a finding of fact.

2. The Association of Apartment Owners of Del Mar Condominium, (hereinafter "Plaintiff") seeks recovery of common area fees and other obligations owed by Defendant Michael S. Hauge (hereinafter "Defendant").

3. The case concerns the property located at Del Mar Condominium Unit No. A4-69 (hereinafter "Unit").

4. Defendant owns the Unit and is subject to the Horizontal Property Regime (hereinafter "HPR") and By-Laws of the Plaintiff. The HPR was recorded at the Department of Land Management pursuant to 21 GCA Ch. 45 and requires that the Del Mar Condominium be subject to Plaintiff's By-Laws.

5. Defendant owes monetary compensation to the Plaintiff due to past and present failures to keep current with financial obligations.

*Association of Apartment Owners of Del Mar Condominium, v. Hauge,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0208-10                    - Page 1 of 3 -

# CONCLUSIONS OF LAW

6. The only issues at trial were the amount owed by Defendant and the remedies available to Plaintiff.

7. First and foremost, the Court concludes that the Unit and Defendant are subject to Plaintiff's By-Laws. 21 GCA § 45119.

8. Common area fees are mandatory under Article II, Section 1 of the By-Laws. Any unpaid obligations that are owed by a member of the housing association become a lien on the member's condo unit. 21 GCA § 45124. Defendant argues that he attempted payment but was rejected. Plaintiff contends that it did make attempts through Fred Aguon to collect payment from Defendant before initiating legal action. *See* Testimony of Fred Aguon on August 10, 2012. Defendant also claims that he made substantial overpayment. Plaintiff agrees with Defendant on the overpayments but contends that those overpayments were credited to his account. Defendant paid 4,993.94 on June 24, 2008 and that overpayment, on all delinquent accounts, left Defendant with a credit of $840.00. *See* Ex. 6 and 7. Yet, Defendant is still delinquent after the credited overpayments and he must pay the entire amount to become current. *Id.*

Defendant also argues that Plaintiff failed to provide any accountings to Defendant of monies owed and that failed accounting excuses his non-payment. The Court does not find that Plaintiff failed in any way to notify Defendant of his debts or that a failure to provide a statement of account excuses Defendant's failed obligations. Defendant owed $3,617.54 as of October 19, 2010.[1] The Court finally concludes that Defendant currently owes $7,422.54 in order to become current with all outstanding obligations. *See* Testimony of Fred Aguon on August 10, 2012.

11. Attorney's fees are also recoverable under the By-Laws if suit is required to foreclose such a lien. Art. VI, Sec. 7 of the By-Laws.

---

[1] The Court acknowledges that Defendant has a history of making untimely payments.

*Association of Apartment Owners of Del Mar Condominium, v. Hauge,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0208-10                    - Page 2 of 3 -

12. Although it would be appropriate to both award damages and foreclosure to the Plaintiff, the Court will not order both damages and foreclosure at this time. Defendant has made it clear that payment is intended but due to confusion over the statement of account, payment has been withheld. If Defendant becomes current with all outstanding obligations within three months, including attorney's fees and costs by the Plaintiff pursuant to Art. VI, Sec. 7 of the By-Laws, this Court will not order foreclosure.[2] The Court will set a hearing in about three months to determine if payment will occur and will order foreclosure at that time in the event that payment does not appear to have been fully completed. In the event foreclosure is appropriate, Defendant's Unit will be foreclosed and sold in "like manner as a mortgage of real property" pursuant to 21 GCA § 45124(2) and 7 GCA § Ch. 24, Article 1.

## CONCLUSION

Court enters judgment in Plaintiff's favor for the amount of $7,422.54 but the Court will reserve on the remedy of foreclosure for three months. Defendant has three months to make complete payment of $7,422.54 or the Court will grant foreclosure of the Unit. The Parties will return on January 11, 2013 at 10:00a.m. to determine whether or not foreclosure should occur.

So ORDERED this 5th day of October, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the office of the Clerk of Court ...

OCT 05 2012

DATED:

_____
DEPUTY CLERK ... Court of Guam

---

[2] The Court acknowledges that Plaintiff may be able to foreclose on Defendant even if he became current on all outstanding obligations due to his continued failures. Yet, the Court believes that Plaintiff has continuously given Defendant chances to become current in the past and would waive foreclosure here if Defendant were to pay all monies owed including late fees, costs and attorney's fees related to this case.

*Association of Apartment Owners of Del Mar Condominium, v. Hauge,*
Findings of Fact and Conclusions of Law
Civil Case No. CV0208-10                    - Page 3 of 3 -